**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STATE OF ALASKA,

        Plaintiff - Appellant,

and

NORTH SLOPE BOROUGH,

        Plaintiff,

  v.

NATIONAL MARINE FISHERIES
SERVICE,

        Defendant - Appellee,

CENTER FOR BIOLOGICAL
DIVERSITY,

        Intervenor-Defendant -
Appellee.

No. 24-3148

D.C. No.
3:22-cv-00249-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted July 9, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.[***]

The State of Alaska appeals the district court's grant of summary judgment
to the National Marine Fisheries Service (NMFS) in Alaska's action challenging
NMFS's negative 90-day finding on Alaska's petition to delist the Arctic ringed
seal as a threatened species under the Endangered Species Act (ESA). We have
jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review de novo the district court's grant of summary judgment to
determine whether NMFS's ESA listing decision was 'arbitrary, capricious, an
abuse of discretion, or otherwise not in accordance with law.'" *Alaska Oil & Gas
Ass'n v. Pritzker*, 840 F.3d 671, 675 (9th Cir. 2016) (quoting 5 U.S.C.
§ 706(2)(A)). Our review under the Administrative Procedure Act (APA) is
"highly deferential, presuming the agency action to be valid and affirming the
agency action if a reasonable basis exists for its decision." *Ctr. for Biological
Diversity v. Bureau of Land Mgmt.*, 833 F.3d 1136, 1146 (9th Cir. 2016). "Agency
action should be affirmed 'so long as the agency considered the relevant factors

---

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

and articulated a rational connection between the facts found and the choices made.'" *Audubon Soc'y of Portland v. Haaland*, 40 F.4th 967, 979 (9th Cir. 2022) (quoting *Pritzker*, 840 F.3d at 675). Where, as here, NMFS has made a prior listing determination, a subsequent petition generally does not "present substantial scientific and commercial information . . . unless the petition provides new information not previously considered." 50 C.F.R. § 424.14(h)(1)(iii) (2016).

      1. NMFS reasonably determined that new climate change projections were consistent with those it had considered at the time of its 2012 listing decision. *See* Endangered and Threatened Wildlife; 90-Day Finding on a Petition to Delist the Arctic Subspecies of Ringed Seal Under the Endangered Species Act, 85 Fed. Reg. 76018, 76022 (Nov. 27, 2020). We have explained that "[t]he fact that climate projections for 2050 through 2100 may be volatile does not deprive those projections of value in the rulemaking process." *Pritzker*, 840 F.3d at 680. Here, NMFS "provided a reasonable and scientifically supported methodology for addressing volatility in its long-term climate projections, and it represented fairly the shortcomings of those projections—that is all the ESA requires." *Id.* Nor did NMFS act arbitrarily and capriciously in determining that the lowest emissions scenario—which is based on new technologies that have not been widely implemented—was unrealistic because current trends in annual global emissions are consistent with high-end emissions scenarios. *See* 85 Fed. Reg. at 76022; *see*

*also Pritzker*, 840 F.3d at 679 ("[W]e 'must defer to the agency's interpretation of complex scientific data' so long as the agency provides a reasonable explanation for adopting its approach and discloses the limitations of that approach." (quoting *Nw. Ecosys. All. v. U.S. Fish & Wildlife Serv.*, 475 F.3d 1136, 1150 (9th Cir. 2007))).

2. NMFS reasonably declined to rely on the U.S. Fish and Wildlife Service's (USFWS) 12-month findings about the Pacific walrus because they were not specific to the Arctic ringed seal. *See* 85 Fed. Reg. at 76022. An agency acts neither arbitrarily nor capriciously when it "adopt[s] a foreseeability analysis that is responsive to new, reliable research while accounting for species-, threat-, and habitat-specific factors." *Pritzker*, 840 F.3d at 682. Here, NMFS reasonably explained that USFWS's 12-month findings about the Pacific walrus had no bearing on NMFS's decision about whether delisting the Arctic ringed seal may be warranted. *See* 85 Fed. Reg. at 76022.

3. NMFS did not improperly disregard new information contained in the petition about the Arctic ringed seal's response to sea ice loss and other climate-related changes. First, in its 90-day finding, NMFS discussed at length why the petition's cited studies did not constitute new information. *See id.* at 76021–27. Second, NMFS reasonably explained that its "listing of Arctic ringed seals as threatened was not based on evidence indicating that population size or health had

declined, nor was it based on a presumption that a climate driven decline would be detectable at that time or shortly thereafter." *Id.* at 76024. Instead, its decision "was based primarily on the conclusion that continuing Arctic warming would cause substantial reductions in sea ice and on-ice snow depths," which is expected to result in decreased pup survival and population declines within the foreseeable future. *Id.* An agency need not wait until "it ha[s] quantitative data reflecting a species' decline, its population tipping point, and the exact year in which that tipping point would occur before it could adopt conservation policies to prevent that species' decline." *Pritzker*, 840 F.3d at 683; *see also id.* (noting that NMFS "need not wait until a species' habitat is destroyed to determine that habitat loss may facilitate extinction").

In sum, NMFS reasonably determined that the petition did not present new information indicating that delisting the Arctic ringed seal may be warranted. Because NMFS considered all relevant factors and "articulated a rational connection between the facts found and the choices made[,]" *id.* at 675, we must "defer to the agency's interpretation of complex scientific data" in this case, *id.* at 679.

**AFFIRMED.**